# CHARGE OF JUDGE HOLT TO THE UNITED STATES GRAND JURY AT THE DECEMBER TERM, 1901, OF THE UNITED STATES DISTRICT COURT AT MAYAGUEZ.

IMPORTANCE OF DUTY OF GRAND JURY—ITS POWERS, DUTIES, AND MANNER OF THEIR PERFORMANCE.

Gentleman of the Grand Jury:—You have the honor to be the first grand jury ever organized in Mayaguez, or in this section of Porto Rico. I say honor, gentlemen, because it is an honor to be a member of the grand jury. I know of scarcely anybody more important to the protection of the people of the country than the grand jury, and I know of nobody that really possesses more power than the grand jury.

Let me illustrate. In the last four years the United States has passed through a war that ended in glory to its military

---

*Grand jury.* The authorities determining various questions relating to grand juries are fully presented and discussed in the following editorial notes dealing with their respective phases of the subject: *Right of women to serve on grand jury,* note to Missouri ex rel. Crow v. Hostetter, 38 L. R. A. 214; *Organization and procedure of grand jury,* note to Wisconsin ex rel. Dunn v. Noyes, 27 L. R. A. 776; *Qualifications of grand jurors,* note to Iowa v. Russell, 28 L. R. A. 195; *Number of grand jurors necessary or proper to act,* note to Iowa v. Belvel, 27 L. R. A. 846; *Number of grand jurors necessary to concur in finding an indictment,* note to Nevada v. Hartley, 28 L. R. A. 33; *Competency of evidence before grand jury,* note to Massachusetts v. Hayden, 28 L. R. A. 318; *Sufficiency of evidence before, to sustain indictment,* note to Minnesota v. Peterson, 28 L. R. A. 324; *Improper influence or interference with grand jury,* note to Clair v. Nebraska, 28 L. R. A. 367; *Negroes as grand jurors,* note to Carter v. Texas, 44 L. ed. U. S. 839; *Objection to grand jurors, when and how taken,* note to United States v. Hamilton, 27 L. ed. U. S. 857.

arms; during that four years Cuba was made free; Porto Rico became a part of the United States; Hawaii was annexed to the United States; an outbreak in China against us and the people of the West was speedily suppressed. President William McKinley, under whom all this and much more had occurred, traveled through the country, from east to west, receiving, deservedly, the plaudits of his countrymen. And yet, shortly afterward, when celebrating the advance of the country, when meeting all the people of the country generally, when celebrating the advancement and general prosperity of the country, he was stricken down by an assassin,—an act committed without excuse, without reason, being meaningless, causeless, and atrocious; and the country was left in mourning. When he was buried, the business of the country stopped; there was not a telegraph clicker working in the country at that moment; in all the country there was not a telephone working; the railroads stopped upon the tracks; all the business of the country was suspended; and the people were in mourning on account of it. Now mark you! The man that committed that foul deed against the people and the country could not be punished without being first indicted by a grand jury.

To illustrate further, gentlemen. You have your insular courts in the island, as they have the state courts in each state, but the judgments of the United States court of this island are only reversible and are only appealable to the Supreme Court of the United States; and yet this court, possessing all this power, cannot punish a man for a felony unless he is first indicted by a grand jury. Need I illustrate your power, need I illustrate your importance further? I feel, gentlemen, that I need not, and that you will bring to the discharge of your duties a conscientious regard for them, and a conscientious desire to per-

form these great and important duties carefully and to the credit of your country.

I say to you that the future of Porto Rico, and how fast it may work into the United States and into the American Union, depends very largely upon the action of the juries of Porto Rico; it depends very largely upon the action of the grand juries of Porto Rico. Not, perhaps, in the great extent to which you perform those duties, but how carefully, how well, how justly and conscientiously you do so.

I need not define to you all of your duties; but I will say that, with all this power, yet there are certain limitations upon it and the power of this court. These limitations should be carefully regarded. For instance, in a state of the American Union there are limitations upon the power of the United States courts. There is a separate system of state courts and United States courts, and the distinctions between the two and their limits are well defined. To the insular courts of Porto Rico belongs the investigation and punishment of crimes in general. You ask, Well, what are our duties? I say in answer that you investigate crimes against the United States laws, and not against the laws of Porto Rico,—the local laws. For instance, you investigate crimes against the postoffice business,—this great system we have in existence that controls, regulates, and carries the mails in which we are all interested; you investigate offenses against smuggling; against the money of the country, because that is a matter regulated by the United States; offenses committed in places that are exclusively subject to the jurisdiction of the United States, like forts, arsenals, and reservations. In other words, without reviewing all these offenses, the criminal limit of this court is offenses against the United States. All the jurisdiction of this court and the extent of your duty is statutory; it is derived from the statutes of the United States. In

Charge to Grand Jury.

your inquiries as to a case under examination, you are entitled
to have the advice of the court at any time. I feel sure, how-
ever, you will not need it, because you are entitled to the advice
of the United States district attorney at any time as to what is
an offense against the United States laws, and what you ought
to investigate. Some of you have served upon grand juries be-
fore. If you have any doubt as to whether an act comes within
the catalogue of offenses against the United States law, you may
inquire of him. You have a right to call him before you at any
time, and ask for this information. It is unnecessary, there-
fore, that I should go into a detail of all the offenses of which
you have cognizance.

I wish to call your attention to one thing specially, gentlemen,
and that is that your deliberations are secret. In other words,
you are not to communicate what has occurred before the grand
jury to anybody; you are not to tell anyone about it. You in-
stantly see the reason for this. A man has been counterfeiting,
—making false coin,—and he learns from one of the grand jury
that his conduct is being investigated. He leaves the island; and
before you can find an indictment against him; before the clerk
can issue the process and the marshal arrest him. Therefore,
the common law, under which the grand jury system has ex-
isted for centuries, says that, if a grand juryman discloses what
is taking place before the grand jury, he commits a serious of-
fense. I shall presume that no member of this grand jury will
be guilty of such a thing; but I call your attention to it as a
matter of precaution. It is an offense under the law; it is a
contempt of court; and the court would deal with him if he
discloses to anyone, however intimate that person may be, his
brother even, anything that has occurred before the grand jury.
In other words, you sit with closed doors; and no one has the
right to question your action or motives, and you have no right

Charge to Grand Jury.

to tell anyone of your deliberations. No one has any right to call you to account for anything you may do,—any action you may take as a grand juryman. If anyone says anything to you about your action as grand juryman,—by way of calling you to account for it,—you need do but one thing, and that is to report that person to the court; and he will not be likely to again call you to account for anything that you may have done in your grand jury room. That is true whether it be while you are in session, or at any time after you have been dischargegd.

You ask me the question, When we gather in our grand jury room how shall we proceed; how shall we begin to make inquiry; what do we consider? I say to you, speaking generally, that you investigate any matter that the court òr the district attorney submits to you; any matter that the United States commissioner may submit, he having held a man, perhaps, over for further trial, and sent the proceedings to the court; any matter that comes to your knowledge from your own observation, or that may be disclosed by any member of the grand jury, that is an offense against the United States. You ask me the question also, Is it a trial that takes place before the grand jury? Not at all. It is merely a preliminary investigation. You do not try a man, whether he is guilty or innocent. The petit jury does that. When a case comes before the petit jury, for instance for murder, and a man is tried for his life or liberty, the presumption in law is that he is innocent until he is proven guilty beyond a reasonable doubt. That is not the case in a matter brought before you. You are the preliminary investigating body; and you determine whether it is a matter that should be brought before the petit jury for trial. If you think it is, and it is a matter that is an offense against the law, then it is your duty to indict. It is not finally tried before you; but you are to investigate; you are the inquiring body. You inquire if it is probable an offense has been

Charge to Grand Jury.

committed against the safety of your people, your homes, and against the laws of the United States. If, however, you are satisfied that someone is trying to use the grand jury as an instrument of hate and malice, and that there is nothing in the charge, you should dismiss it, and see that the grand jury is not made such an instrument by any person. It is too important a body for that. If, however, someone is acting through malice, yet if the offense has, in your judgment, probably been committed, then you should indict; but if you are satisfied that there is nothing in the charge, or if you think that by calling some person it will be explained away, you have the right to do so.

You must put aside your likes and dislikes, your envy and hatreds against men, in the discharge of your duty. It is very hard to do this sometimes; it takes an honest, brave, true man to do so; but that is what you need to be when you serve upon the grand jury. You must leave behind all your personal likes and dislikes, all the friendships and hatreds you may have. It is a part of your oath that you do so. You put yourself on a higher plane,—on a sort of table land,—and you must judge of your best friend or your worst enemy, if they have committed an offense, and determine from all the testimony whether the matter should be further investigated.

I advise you further—I do not say that you shall not do it—but I advise you that I think it proper that the grand jury should only investigate felonies. The reason is this: There are some petty offenses against the United States laws, some misdemeanors, and these small offenses can be prosecuted by the district attorney upon an information filed by him. He does not need an indictment for that purpose; and hence, as the grand jury is a considerable expense to the island, it is important that it consider only matters that are felonies, and not misdemeanors. An

offense whereby a man, if convicted, is liable to be sent to the penitentiary, or his life taken, is a felony. These are matters that the grand jury must investigate, and find an indictment before they can be tried by this court.

Your foreman swears all the witnesses that come before you. You fix your own hours of meeting and adjournment; but I suggest you get through as soon as the business will admit. The court will expect and you will desire, doubtless, to get through your labors as soon as possible. This section of the island has heretofore been entirely free from the need of a grand jury. I assume, therefore, that there will not be much for you to investigate. The court has directed that the petit jury be not summoned until the third day of the term, in order that you may have the services of the district attorney in conducting your investigations. You select your own clerk; he records all that you do in your grand jury room, except your votes upon an indictment. You take a vote, after a case has been investigated, as to whether you will find an indictment. There are sixteen of you, and it takes three fourths of your number to find an indictment; that is, it takes twelve of you to find an indictment, or else you find "not a true bill."

You are entitled to the entire service, if you need it, of the district attorney to-day and to-morrow; and after that, whenever you need the district attorney, and he can be spared from the court room, he will render his services to you. Your foreman swears the witnesses. No one is allowed to be present in the grand jury room during the investigation except the district attorney and the witness who is testifying. When you take a vote, no one has the right to be present, neither the district attorney nor the witness, and not even the court. You are supreme for the time. If you vote to find an indictment, your clerk makes a minute of the witnesses in the case and the defend-

ant, and you report that—either by your clerk or your foreman—to the district attorney, and he prepares an indictment that is submitted to your foreman, and he signs it upon the back as a "true bill."

I suggest to you, gentlemen, it is entirely proper that you visit your jail and ascertain its sanitary condition. This court cannot control the jails of the island, as that is the business of the insular authorities; but if a jail is not in fit condition to confine United States prisoners, then I will send them somewhere else. The court would not let a man—even a prisoner—be confined in a place not fit for human habitation.

The court expects of each grand juryman independence of thought. I expect each grand juryman to have his own opinion about a matter; but in the investigation of offenses, as there is a body of you, you should try to reconcile your opinions as best you can. Whilst there are sixteen of you, you should try as near as possible to act as a body as far as you conscientiously can do so. If you differ as to the testimony and the case, you should talk it over; and if you can, you should reconcile your differences and come to a conclusion.

Gentlemen, I think of nothing else at present. If your foreman or anyone of you think of anything else, the court will give you the information if he can.

*By the foreman:* Shall we select a clerk from our body, or someone from outside?

*The Court:* One of your body must be clerk. I say to you further, gentlemen, that you are the judges of the credibility of all the witnesses that are brought before you. It will be your duty, if you believe that any witness has sworn falsely, to report him to me, and then the court will give you further instructions.

Gentlemen, the marshal will show you to your room and furnish you with ink, paper, etc.